FILED 155
Mr. Alfred C. Sikes Department of Consumer Affairs, Regulation and Licensing 505 Missouri Boulevard Jefferson City, Missouri 65101
Dear Mr. Sikes:
This is in response to your opinion request in which you ask whether the provisions of Section 38(a) of Article III of the Missouri Constitution would prohibit the Missouri Council on the Arts from expending money appropriated by the legislature to contract with artists for lectures, demonstrations or performances or for the acquisition of art objects.
Article III, Section 38(a) of the Missouri Constitution provides in pertinent part:
 The general assembly shall have no power to grant public money or property, . . . to any private person, association or corporation, . . ."
That section does not prohibit the expenditure of public money for a public purpose. See, e.g., Americans United v. Rogers,
Supreme Court of Missouri, No. 59410 (6-26-76). The question then becomes, is the proposed expenditure by the Missouri State Council on the Arts above a public purpose. The answer to this question in our opinion is clearly in the affirmative. Chapter 185 creates the Missouri State Council on the Arts. Section185.040 lists the duties of the Council which in part are:
 "(1) To stimulate and encourage throughout the state the study and presentation of the performing and fine arts and public interest and participation therein;
* * *
 "(3) To take such steps as may be necessary and appropriate to encourage public interest in the cultural heritage of our state and to expand the state's cultural resources; and
 "(4) To encourage and assist freedom of artistic expression essential for the well-being of the arts."
Section 185.050, RSMo, provides:
 "The council is hereby authorized and empowered . . . to enter into contracts, . . . with individuals, . . . for services furthering the educational objectives of the council's program; . . . to make and sign any agreements and to do and perform any acts that may be necessary to carry out the purposes of this chapter. . . ."
It would not be unreasonable for the Council on the Arts to conclude that contracting with artists for the services indicated in your opinion request will serve to stimulate and encourage the study and presentation of the performing and fine arts and public interest participation therein; expand the public interest in the cultural heritage of our state and expand the state's cultural resources; and encourage and assist freedom of artistic expression central for the well-being of the arts. If the Council so concludes the contracts are authorized by Sections 185.040 and 185.050. The enactment of those sections indicates that the legislature considered the promotion of the arts in this state served a public purpose. In the Americans United case the question before the court was whether the Missouri Financial Assistance Program for Higher Education served a public purpose. In the majority opinion the court asked the rhetorical question: "Does the statutory program have a public purpose?" (emphasis in opinion). The court responded to this question stating, "Generally the answer could only be `yes' and citation of authority is unnecessary, because Missouri has always given education the highest of priorities. . . ." It would not be unreasonable to view the entire purpose of the Missouri Council on the Arts as being educational and thus its activities clearly serve a public purpose. However, it is not necessary to justify the public purpose of the Council on educational grounds alone. In the Americans United case the court went on to note that:
 "Higher secular education today is unquestionably considered to be a contributing factor toward the betterment of society, and we find nothing in the constitution of this state prohibiting the legislative department from declaring the encouragement thereof a `public purpose'. . . ."
We believe that the statement would be equally applicable if duties of the Council as contained in Section 185.040 were substituted for the words "higher secular education". The fact that individual artists will benefit by virtue of contracts with the Missouri State Council on the Arts does not destroy the public purpose of such contracts. As the court observed in AmericansUnited:
 "`. . . benefit is to be distinguished from purpose and incidental private benefit does not preclude a transcendant public purpose . . . the law is clear in Missouri that an overriding public purpose will not suffer constitutional death at the hands of incidental private benefit.'. . ."
Therefore we find that there is no constitutional infirmity pursuant to Article III, Section 38(a) with respect to the Missouri Council on the Arts contracting with artists for services.
CONCLUSION
It is the opinion of this office that the Missouri State Council on the Arts may contract with artists for workshops, lectures, demonstrations, performances and art objects without violating Article III, Section 38(a) of the Missouri Constitution.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Charles A. Blackmar.
Very truly yours,
 JOHN C. DANFORTH Attorney General